¶ 1 I concur in the majority's analysis and disposition of appellant's two assignments of error.
 {¶ 2} I write separately only to note what I perceive as an inequity, i.e., requiring appellant to pay the attorney fees for appellees First Knox National Bank and Kenyon College without any adjustment of the amount appellant must pay to counsel for appellees Crais and Scully. The record transmitted to this Court is sufficient to demonstrate their joinder was requested by appellees Crais and Scully and objected to by appellant. While I recognize First Knox and Kenyon College would not have become parties "but for" appellants filing their lawsuit, their joinder was directly attributed to appellees Crais and Scully. Equity suggests while First Knox's and Kemper College's attorney fees should be paid, their payment should be set-off against the attorney fees awarded to appellees Crais and Scully.
 {¶ 3} Although I believe such set-off would produce a more equitable allocation of the award of attorney fees, I do not find the trial court's failure to do so amounts to an abuse of discretion.